Argued and submitted January 17, reversed and remanded in part on appeal; otherwise affirmed on appeal and cross-appeal June 3, 1992

# RMS TECHNOLOGY, INC., and W. Neal Christman,
*Appellants - Cross-Respondents,*

*v.*

## Roger M. STENBOCK,
*Respondent - Cross-Appellant,*

*and*

## Bengt STENBOCK,
*Defendant.*

## (A8905-02887; CA A65534)

832 P2d 1260

Michael J. Gentry, Portland, argued the cause for appellants - cross-respondents. With him on the briefs was Tooze Shenker Holloway & Duden, Portland.

Michael L. Williams, Portland, argued the cause for respondent - cross-appellant. With him on the briefs were Gayle L. Troutwine and Williams & Troutwine, P.C., Portland.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DEITS, J.

## DEITS, J.

Plaintiff Christman and defendant Stenbock[1] were officers and directors of plaintiff RMS Technology, Inc. (RMS). Each owned 42.5 percent of the stock of RMS. The remaining 15 percent was owned by Griggs-Anderson, an entity that played no significant role in the events that we will address. For several years before 1989, Stenbock was regularly employed elsewhere. However, he began working full time for RMS early that year, and he and Christman quickly developed serious disagreements. Their disagreements eventually resulted in litigation, including this and other proceedings. The parties filed so many claims against each other that the final judgment in this case is 16 pages long.

Only three of the claims are directly involved in this appeal. Christman appeals from the summary judgment against him on his claim against Stenbock for "tortious" interference with his contractual relations with RMS. RMS appeals from the judgment against it, based on a directed verdict, on its claim against Stenbock for violation of his duties as an officer and director. ORS 60.357; ORS 60.377. Stenbock cross-appeals from the trial court's denial of his claims for indemnification, under ORS 60.394 or ORS 60.401, for the costs of defending the claims against him arising out of his activities as a director and officer.

The thrust of Christman's intentional interference claim is that Stenbock took control of the corporation by falsely claiming that he and his brother owned a majority of the shares of RMS. The brother, in fact, owned no stock. Stenbock then called a meeting of the putative shareholders, at which he and his brother were elected as the officers and directors. In that capacity, Stenbock fired Christman as an officer of RMS.

■ Stenbock offers a variety of arguments in support of the summary judgment. He contends that the intentional interference claim was not adequately pleaded and that Christman offered no evidence in the summary judgment proceeding to allow an inference that Stenbock acted in "bad faith" or with motives that were not designed to benefit RMS.

---

[1] We refer to Roger Stenbock as Stenbock. His brother, Bengt Stenbock, was a defendant below but is not a party to the appeal.

We conclude that the pleading was adequate and that there was evidence that permitted an inference that Stenbock's motives were not to benefit the corporations' interests, but were instead self-serving or vindictive. *See Harm v. Central Life Assurance Co.*, 107 Or App 708, 813 P2d 1103 (1991).

Stenbock also argues that the summary judgment was appropriate, because Christman was an at-will employee and because Stenbock was the officer who had the authority to hire and fire.[2] Stenbock argues that Christman, who does not assert a wrongful discharge claim against RMS, *see Sheets v. Knight*, 308 Or 320, 779 P2d 1000 (1979), is using an intentional interference claim against him to camouflage his real target, which is RMS. We rejected a similar argument in *Giordano v. Aerolift, Inc.*, 109 Or App 122, 818 P2d 950 (1991), where we held that a "managing officer" can be liable for interference with his principal's contractual relations with an employee whom he fires with motives that are not intended to serve the principal. The rule applies here. Accordingly, because there are disputed issues of material fact, summary judgment should not have been granted.

■ RMS assigns error to the directed verdict on its breach of duty claims against Stenbock. The principal basis for the directed verdict, and the basis on which Stenbock defends it, is that RMS failed to produce expert evidence on the standard of care of corporate officers and directors. RMS's claim contained numerous specifications, ranging from Stenbock's using corporate funds to pay personal expenses to his entering into agreements that were not opportune from a business standpoint. RMS argues that the motion for directed verdict was aimed at the entire claim and that expert testimony was clearly unnecessary to aid the jury in deciding whether personal use of corporate funds and certain other specifications at the same end of the spectrum would be a breach of Stenbock's duty to the corporation. RMS is correct. *See Lang v. Oregon Nurses Assn.*, 53 Or App 422, 430, 632 P2d 472, *rev den* 291 Or 271 (1981). Because the motion did

---

[2] Christman disputes that the authority question was conclusively answered in the summary judgment proceeding. Given the basis for our disposition, that fact is not material for purposes of our present review. We assume its truth for the sake of discussion.

not differentiate among the specifications and was wrong with respect to at least some of them, granting it was error.

Because we reverse and remand the judgment for Stenbock on both of the claims in question, consideration of his claim for indemnification raised in his cross-appeal would be premature.

On appeal, judgment on interference with contractual relations and breach of duty claims reversed and remanded; otherwise affirmed on appeal and on cross-appeal.